**UNITED STATES**

v.

**Kenneth B. MARTIN, Chief Gunner's Mate.**

**CGCMS 24074.**
**Docket No. 1021.**

U.S. Coast Guard Court of Military Review.

9 June 1994.

Trial Counsel: LT William J. Shelton, USCGR.

Detailed Defense Counsel: LT Monica L. Lombardi, USCGR.

Assistant Defense Counsel: LT Robert B. Birthisel, USCG.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Two, BAUM, FEARNOW, and O'HARA, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by special court-martial judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: four specifications of violating a lawful general regulation by engaging in inappropriate personal relationships with four different female seamen recruits, and two specifications of failure to obey a lawful written instruction of U.S. Coast Guard Training Center Cape May by wrong-

fully associating with two female seamen recruits for other than professional purposes, all in violation of Article 92, UCMJ, 10 U.S.C.A. § 925; and four specifications of sodomy, one with a female seaman apprentice and three with female seamen recruits, in violation of Article 125, UCMJ.

Appellant pled not guilty to a specification alleging sodomy with a female seaman apprentice by force and without consent and was convicted of the lesser offense of consensual sodomy in violation of Article 125, UCMJ. The judge sentenced Appellant to a bad conduct discharge, confinement for one month, and reduction to pay grade E–3. The convening authority approved the sentence as adjudged after first disapproving the findings of guilty for three of the violations of a lawful general regulation, based on *U.S. v. Webster*, 37 M.J. 670 (C.G.C.M.R.1993), and *U.S. v. Remchak*, Dkt. No. 1009 (C.G.C.M.R. 11 June 1993). Before this Court, Appellant has assigned six errors.

## I

### THAT APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL

▉ In an affidavit attached to the defense brief, Appellant has chronicled various alleged failings of his detailed defense counsel, which, according to Appellant, resulted in ineffective assistance.[1] Appellant's motion to file the affidavit is hereby granted, as is the Government's motion to file an affidavit from defense counsel in response.

Most of Appellant's complaints about his counsel relate to asserted failures to pursue issues and leads, which Appellant says he brought to counsel's attention. Appellant also complains about counsel's attitude. In his most serious charge, Appellant claims that his counsel insisted upon his pleading guilty to a sodomy offense which he did not commit and upon his signing a false stipulation to support that plea.

Counsel, in her affidavit, denies each and every allegation. Moreover, the colloquy between the judge and Appellant concerning the stipulation and the guilty pleas reflects an acknowledgment by Appellant, under oath, that he had performed the act in question, cunnilingus on a seaman recruit, and that the stipulation was true in all respects. Furthermore, the written pretrial agreement signed by Appellant expresses his satisfaction with the legal advice and representation provided by counsel and that, too, was acknowledged to the judge as true under oath.

Given the state of this record, what does the law require of an appellate court faced with such a serious allegation from an accused against his counsel? The guidance we need can be drawn from the Court of Military Appeals opinion in *U.S. v. Lonetree*, 35 M.J. 396 (CMA 1992). In that case, the accused asserted on appeal that he had been represented ineffectively by civilian counsels' failure "to explore the possibilities of a pretrial agreement, negotiate with the Government over terms of such an agreement, and present a potential pretrial agreement to their client for his consideration." *Id.* at 35 M.J. 412. In support of his claim, the accused described civilian counsels' total hostility to entering a plea bargain that might have resulted in a 10 year sentence rather than the 25 year sentence ultimately approved by the convening authority. The accused's affidavit also relates how civilian counsel tried to poison the accused's relationship with military defense counsel, particularly in regard to any plea agreements that military counsel might discuss. Military counsel provided a corroborating affidavit voicing his frustration with the unreasonable views of civilian counsel regarding a plea agreement. The accused was facing possible life imprisonment if convicted, but civilian counsel apparently only wanted to consider a sentence deal of no more than three years, whereas, the military counsel's discussions with trial counsel led him to believe that negotiations should begin in the range of five to ten years. Moreover, according to the accused's affidavit, civilian counsel assured him that he was not "legally guilty" and that

---

1. The Appellant was also represented by an Assistant Defense Counsel. That representation is not in question here.

he would prevail at trial in a case they tried to convince him was racially motivated.

Confronted with these affidavits, the Court of Military Appeals ordered an evidentiary hearing pursuant to *U.S. v. DuBay*, 17 USC-MA 147, 37 CMR 411 (1967), to sift the evidence and make findings of fact and conclusions of law on whether the accused was adequately advised about the possibility and desirability of negotiating a pretrial agreement. In taking this step the Court said that it wanted "to make clear that we do not intend to establish a precedent that every defendant alleging bad advice is entitled to a *Dubay* hearing or a rehearing. In this case, though, Lonetree offers a colorable scenario consistent with relief-worthy ineffective assistance and a record consistent with the claim." 35 M.J. at 414.

▇ We take the factors prompting the ordering of an evidentiary hearing in *Lonetree*—a colorable claim that is consistent with the record—to constitute a threshold test that must be met before such action is taken. The instant case does not meet that test. Standing alone, Appellant's allegations that his counsel insisted upon his pleading guilty to an offense that he denied committing and that he enter into a false stipulation in support of that guilty plea do not amount to a colorable claim that accords with the record.

In the *Lonetree* case, the accused made assertions that were supported by an affidavit from military defense counsel. In the instant case, Appellant has not presented such evidence. We have simply his bare assertions, which the record contradicts and his defense counsel denies. Thus, with respect to the allegations concerning the plea of guilty and a false stipulation, Appellant has failed to make the necessary threshold showing that would warrant further action such as a rehearing or a *Dubay* proceeding.

With respect to Appellant's other complaints, we find defense counsel's response more persuasive than Appellant's self-serving post-trial attack on his trial advocate. However, even if we were to give credence to Appellant's belated accusations, they would not serve to affect our ultimate action. As Government counsel correctly notes, Appellant must show that defense counsel's performance was both deficient and *prejudicial*. *U.S. v. Scott*, 24 M.J. 186 (C.M.A.1987). Even if all of the asserted counsel deficiencies were deemed to be true and everything raised by Appellant with his counsel had been pursued, the fact remains that there was ample admissible, credible evidence to convict Appellant. The matters asserted now by Appellant do not appear to be such that they would have prevented his conviction, had he pled not guilty, or would have produced a lighter sentence.

The record demonstrates that Appellant was well served by his counsel. Appellant, a chief petty officer and company commander at the Coast Guard's recruit training center, committed a number of very serious offenses involving recruits and recently graduated recruits. Counsel successfully negotiated a pretrial agreement calling for a reduction in the number of charges and the referral of those remaining to a special court-martial, rather than the general court-martial recommended by the Article 32, UCMJ, investigating officer. At a general court-martial, Appellant could have received a dishonorable discharge, twenty-years confinement, forfeiture of all pay and allowances, and reduction to E-1 for the offenses for which he was tried and convicted. In contrast, the maximum sentence at a special court was limited to a bad conduct discharge, six months confinement, forfeiture of two-thirds pay per month for six months, and reduction to E-1. That lowered sentence potential alone was a significant accomplishment on Appellant's behalf. Through the further skillful efforts of counsel, the ultimate sentence was just a fraction of what a special court-martial could have imposed. Appellant received only a bad conduct discharge, confinement for one month, reduction to E-3, and no forfeiture at all. We are convinced that the accused would not have received a lesser sentence for the kind of offenses he committed, even if everything now complained about had been accomplished successfully. Rather than ineffective representation, as alleged, we find counsel's representation to have been highly effective. Assignment I is deemed to be without merit.

*II, III, IV, V and VI*

In assignment II, Appellant contends that an unsuspended bad conduct discharge is inappropriately severe. We disagree. The offenses committed by Appellant as a chief petty officer and recruit company commander warrant separation from the Coast Guard with a punitive discharge, despite the favorable evidence presented in his behalf. The assignment is rejected.

Assignments IV, V, and VI raise errors relating to the appointment of judges, the use of collateral duty judges, and the lack of fixed terms of office for judges. They have been previously considered and rejected and are again rejected. *Weiss v. U.S.,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994), and *U.S. v. Carpenter,* 37 M.J. 291 (CMA 1993).

In assignment of error III, Appellant says that the promulgating order needs correcting, and we agree. The convening authority shall issue a corrected order that properly reflects that Appellant pled not guilty to specification 3 of Charge V and was found not guilty of that offense.

*Conclusion*

We have reviewed this record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judges FEARNOW and O'HARA concur.